IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>TYSON CURRY CHILDS,<br><br>     Defendant. | CRIMINAL CASE NO.<br>1:22-cr-000327-LMM-LTW-1 |

**FINAL REPORT AND RECOMMENDATION AND**
**ORDER CERTIFYING THIS CASE READY FOR TRIAL**

This matter is before the Court on Motions to Dismiss the Indictment ([Docs. 31, 40, 44]) filed by Defendant Tyson Curry Childs.[1] For the reasons detailed below, the undersigned **RECOMMENDS** that the Motions ([Docs. 31, 40, 44]) be **DENIED**.

**I.   BACKGROUND**

Defendant Childs is charged with various offenses relating to the purchase and possession of twenty-one firearms. [Doc. 1]. Count One charges that Defendants

---

[1] Co-Defendant Marcus Deshawn Jones has indicated that he intends to enter a guilty plea, and thus his motions were deemed withdrawn. See [Doc. 52]. But Defendant Childs adopted Defendant Jones' Motion to Dismiss Counts One through Five ([Doc. 44]), and thus that Motion is still before the Court. See [Docs. 45, 47].

conspired to make false and fictitious statements to licensed firearm dealers in violation of 18 U.S.C. § 371. [Doc. 1 at 1–4]. Counts Two through Five charge Defendants with making false statement to licensed firearms dealers in violation of 18 U.S.C. § 371. [Doc. 1 at 4–7]. And Count Six charges Defendant Childs with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 1 at 7–8]. Relying on the Supreme Court's recent decision in New York State Rifle & Pistol Assn., Inc. v. Bruen, 142 S. Ct. 2111 (2022), Defendants move to dismiss all the charges against them. [Docs. 31, 40, 44].

II.   **LEGAL ANALYSIS**

   *A.   The Motion to Dismiss Count Six ([Docs. 31, 40])*

First, Defendant Childs argues 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms, is unconstitutional. [Doc. 40 at 1]. That argument, however, is foreclosed by United States v. Rozier, 598 F.3d 768, 770–71 (11th Cir. 2010). But Defendant Childs argues Rozier is "obsolete after the Supreme Court's decision in Bruen." [Doc. 40 at 9]. This Court has squarely rejected that argument. United States v. Williams, No. 1:21-CR-00362-LMM-LTW-1, 2022 WL 17852517, at *2 (N.D. Ga. Dec. 22, 2022). Bruen deals with "law-abiding citizens." 142 S. Ct. at 2122. "It is axiomatic that a felon is not a law-abiding citizen." Williams, 2022 WL 17852517, at *2. Thus, Bruen is not on point and "Rozier remains controlling precedent." Williams,

2

2022 WL 17852517, at *2. The undersigned **RECOMMENDS** that Defendant Childs' Motion to Dismiss Count Six ([Docs. 31, 40]) be **DENIED**.

**B.      *The Motion to Dismiss Counts One[2] through Five ([Doc. 44])***

Section 922(a)(6) makes it unlawful for people to knowingly "make any false or fictitious oral or written statement . . . with respect to any fact material to the lawfulness of the sale." 18 U.S.C. § 922(a)(6). The statement at issue here is that co-Defendant Jones said he was the actual buyer of the firearms at issue when he was allegedly purchasing the firearms for Defendant, a convicted felon. [Doc. 1 at 4–7]. Defendant also argues § 922(a)(6) is unconstitutional for a variety of reasons. [Doc. 44].

First, Defendant argues § 922(a)(6) runs afoul of Bruen. [Doc. 44 at 9–16]. But for conduct to be "presumptively protect[ed]," it must fall within "the Second Amendment's plain text." Bruen, 142 S. Ct. at 2126. The plain text of the Second Amendment protects the right "to keep and bear Arms." U.S. CONST. amend. II. The Second Amendment says nothing about protecting an individual's "right" to make false or fictitious statements when purchasing firearms. Since the conduct at issue does not fall within "the Second Amendment's plain text," it is not "presumptively protect[ed]"

---

[2] Count One charges a conspiracy in violation of 18 U.S.C. § 371, but the alleged conspiracy is to violate § 922(a)(6). [Doc. 1 at 1]. As such, Count One depends on the constitutionality of § 922(a)(6).

3

and the Government does not need to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." Bruen, 142 S. Ct. at 2126.

The district court case Defendant primarily relies on in support of his position was reversed on appeal. See [Doc. 44 at 9–15]. As the Seventh Circuit explained, "The power to collect accurate information is of a different character—and stands on a firmer footing—than the power to prohibit particular people from owning guns." United States v. Holden, 70 F.4th 1015, 1017 (7th Cir. 2023). Defendant's argument that the § 922(a)(6) counts fail because they "rel[y] on an underlying unconstitutional restriction" is wrong for two reasons. As discussed above, § 922(g)(1) is not unconstitutional. And even if it were, that would not make § 922(a)(6) unconstitutional. To borrow an example from the Seventh Circuit, "We may assume that the Second Amendment would prevent enforcement of a statute saying, for example, that 'anyone whose surname starts with the letter H is forbidden to possess a firearm.' But that would not prevent Congress from demanding purchasers' real names." Holden, 70 F.4th at 1017.

Second, Defendant argues § 922(a)(6) unconstitutionally infringes on the First Amendment because it prohibits false statements. [Doc. 44 at 16–17]. But Defendant's reliance on United States v. Alvarez, 567 U.S. 709 (2012) is misplaced. The statute at issue in Alvarez criminalized false statements "made to any person, at any time, in any

4

context." 567 U.S. at 720. Section 922(a)(6) prohibits false statements to "a licensed importer, licensed manufacturer, licensed dealer, or licensed collector." Those "licensed" entities are required to collect and maintain a transaction record—Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") form 4473—for each sale. 27 C.F.R. § 478.124. Additionally, licensees are required to provide a report to law enforcement whenever they sell two or more pistols to an unlicensed person. 18 U.S.C. § 923(g)(3)(A); see also [Doc. 59-1 at 2–4]. By providing false statements to a licensed firearms dealer, co-Defendant Jones was providing false statements to the Government, albeit indirectly. As Alvarez recognized, the First Amendment does not protect "false statements made to Government officials, in communications concerning official matters." See Alvarez, 567 U.S. at 720; see also Bryson v. United States, 396 U.S. 64, 67–68 (1969) (holding that a "provision punishing the making of fraudulent statements to the Government" does not violate the First Amendment).

Third, Defendant argues § 922(a)(6) and ATF Form 4473 are "unconstitutionally vague." [Doc. 44 at 34–39]. Defendant must "demonstrate that the law is impermissibly vague in all of its applications." [Doc. 59 at 10] (quoting Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc., 455 U.S. 489, 497 (1982)). Defendant fails to cite any authority holding that § 922(a)(6) or ATF Form 4473 are "unconstitutionally vague." See [Docs. 44, 63]. The authority the Court has found holds that § 922(a)(6) is not

unconstitutionally vague. United States v. Blake, 394 F.3d 1089, 1090–91 (8th Cir. 2005); United States v. Moore, 109 F.3d 1456, 1466–67 (9th Cir. 1997); see also United States v. Nelson, 221 F.3d 1206, 1210 (11th Cir. 2000) (holding that § 924(a)(1)(A) is not unconstitutionally vague).[3]

Fourth, Defendant argues that certain changes to the gun control act—changes that occurred *after* the transactions at issue—make it so that the "alleged false statement no longer violates § 922(a)(6)." [Doc. 44 at 39–45]. As Defendant notes, Congress added a specific straw purchasing provision—18 U.S.C. § 932—and added a provision regulating straw purchasing during private transfers—18 U.S.C. § 922(d)(11). [Doc. 44 at 42]. But Congress did nothing to change § 922(a)(6). As the Government correctly argues, those new "statutes specifically targeting straw purchasing does not preclude § 922(a)(6) from reaching the actual buyer in a straw purchasing scheme." [Doc. 59 at 15]. Instead, the new statutes are targeted at "additional conduct" beyond that covered by § 922(a)(6). [Id. at 13–14]. All three statutes are perfectly compatible, and

---

[3] As the Eleventh Circuit explained in Nelson, "§ 922(a)(6) and § 924(a)(1)(A) both prohibit the making of false statements or representations to firearms dealers relating to the sale of a firearm." 221 F.3d at 1210. One difference is that § 922(a)(6) requires that a false statement be "material." Defendant argues that the word "material," in and of itself, renders § 922(a)(6) unconstitutionally vague. [Doc. 44 at 36–37]. As the Government correctly argues, § 922(a)(6) is "unambiguous as to 'materiality.'" [Doc. 59 at 8–11].

the addition of these new statutory mechanisms did nothing to change the application of § 922(a)(6) to situations like the present case.

Last, Defendant argues the Court should hold co-Defendant Jones is the "actual buyer" within the meaning of § 922(a)(6) as "a matter of constitutional avoidance." [Doc. 44 at 45–49]. But constitutional avoidance only allows for "a reasonable alternative interpretation" of a statute. Gomez v. United States, 490 U.S. 858, 864 (1989). The Supreme Court has squarely rejected Defendant's interpretation of § 922(a)(6). Abramski v. United States, 573 U.S. 169, 179 (2014) (holding that a "middleman buying a firearm on someone else's behalf" is not the "actual buyer"). As discussed above, Defendant's argument that the new statutory provisions somehow changed this reality is unpersuasive. See [Doc. 44 at 46–48]; see also Abramski, 573 U.S. at 187 (holding that an amendment to another provision of § 922 "says nothing about § 922(a)(6)'s application to straw purchasers"). Finally, the Court need not adopt a "limiting construction" of § 922(a)(6) to avoid finding the statute unconstitutional because, as discussed above, the statute is not unconstitutional.

## III. <u>CONCLUSION</u>

Based on the foregoing, the undersigned **RECOMMENDS** that the Motions to Dismiss the Indictment ([Docs. 31, 40, 44]) be **DENIED**. There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems

relating to the scheduling of this case. **IT IS FURTHER ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

**SO ORDERED, REPORTED, AND RECOMMENDED**, this  18  day of August, 2023.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE