IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:22-cr-00327-LMM-LTW-1 |
| TYSON CURRY CHILDS, | : | |
| | : | |
| Defendant. | : | |

# **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation, Dkt. No. [64], in which the Magistrate Judge recommends denying Defendant Tyson Curry Childs's motions to dismiss the indictment, Dkt. Nos. [31, 40, 44[1]]. Mr. Childs filed objections to the Report and Recommendation. Dkt. No. [66]. After due consideration, the Court enters the following Order.

---

[1] The motion filed at Docket Entry 44 was filed by Mr. Childs's co-defendant and adopted by Mr. Childs. For the purposes of this Order, the Court will refer to all of the motions to dismiss, including the motion filed by the co-defendant, as Mr. Childs's motions.

I.     **BACKGROUND**

On September 6, 2022, Mr. Childs and co-defendant Marcus Deshawn Jones were charged with offenses relating to the purchase and possession of 21 firearms. Dkt. No. [1]. The indictment alleges that Mr. Jones purchased the firearms from federally licensed firearms dealers and that he falsely swore in each ATF Form 4473 he completed in conjunction with the purchases that he was the actual transferee and buyer of the firearms, when he in fact knew that Mr. Childs was the actual transferee and buyer. Id. at 2-6. Count One of the indictment charges that Defendants conspired to make false and fictitious statements to licensed firearms dealers in violation of 18 U.S.C. §§ 371 and 922(a)(6). Id. at 1-4. Counts Two through Five charge Defendants with aiding and abetting one another in making false statements to licensed firearms dealers in violation of 18 U.S.C. § 922(a)(6). Id. at 4-7. Count Six charges Mr. Childs with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Id. at 7-8.

The Second Amendment to the United States Constitution establishes the right to bear arms: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Mr. Childs moves for dismissal of all of the charges against him based primarily on the Second Amendment to the United States Constitution and the interpretation of the Second Amendment set out in New York State Rifle

& Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111 (2022).[2] Dkt. No. [31, 40, 44]. Following briefing, the Magistrate Judge entered a Report and Recommendation on August 18, 2023, in which she recommended that the motions be denied. Dkt. No. [64]. The matter is presently before the Court for review of the Report and Recommendation, Dkt. No. [64], and Mr. Childs's objections, Dkt. No. [66].

## II.   LEGAL STANDARD

The Court reviews a Magistrate Judge's Report and Recommendation for clear error if no objections are filed. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. However, the Court must consider de novo any part of the Magistrate Judge's Report and Recommendation that is the subject of a proper objection. Id. On de novo review, the district judge "decide[s] the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." Charles Alan Wright, et al., 12 Federal Practice & Procedure § 3070.2 n.2 (2d ed. 2014); accord Robertson v. All Am. Quality Foods, Inc., 246 F. Supp. 3d 1365, 1371 (N.D. Ga. 2017) ("[T]he district judge must 'give fresh consideration to those issues to which specific objection has been made by a party.' " (quoting Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga., 896 F.2d 507, 512 (11th Cir. 1990))).

---

[2] Mr. Jones also filed pretrial motions, but they were deemed withdrawn when he informed the Court that he intended to enter a guilty plea. See Dkt. No. [52].

### III.   DISCUSSION

While Mr. Childs generally reasserts all of the grounds raised in his motions to dismiss the indictment, he specifically objects to the Magistrate Judge's determination that the motions to dismiss Count Six are foreclosed by United States v. Rozier, 598 F.3d 768, 770-71 (11th Cir. 2010), and he contends with regard to the motion to dismiss Counts One through Five that the Magistrate Judge erred by failing to conduct a constitutional analysis of not only 18 U.S.C. § 922(a)(6) but also underlying regulation 27 C.F.R. § 478.124(a). See generally Dkt. No. [66]. The Court will first consider the objections raised as to Count Six and then will review the objections pertaining to Counts One through Five.

### A.   Count Six

Mr. Childs argued before the Magistrate Judge that Count Six should be dismissed because 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms, is unconstitutional under Bruen. Dkt. No. [40] at 1. In particular, he pointed to text in the majority opinion in Bruen that states,

> In keeping with [District of Columbia v.] Heller [554 U.S. 570 (2008)], we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

Id. at 2-3 (quoting Bruen, 142 S. Ct. at 2126 (Defendant's italics omitted)). Mr. Childs recognized that the Eleventh Circuit upheld the constitutionality of § 922(g)(1) in Rozier in 2010, but he contended that Rozier is "obsolete after the Supreme Court's decision in Bruen." Id. at 9.

In the Report and Recommendation, the Magistrate Judge found that this Court had "squarely rejected that argument" in United States v. Williams, No. 1:21-cr-00362-LMM-LTW-1, 2022 WL 17852517, at *2 (N.D. Ga. Dec. 22, 2022), and she therefore recommended denying the motions to dismiss Count Six. Dkt. No. [64] at 2-3.

Mr. Childs argues that this was error because another court treated Bruen as having rendered all of its Second Amendment precedent obsolete, Dkt. No. [66] at 1-2 (citing United States v. Rahimi, 61 F.4th 443, 450-51 (5th Cir. 2023), cert. granted, 143 S. Ct. 2688 (June 30, 2023) (No. 22-915)); because the Eleventh Circuit recently applied the Second Amendment to a firearms regulation from Florida using Bruen's test without mentioning Rozier, id. at 2-3 (citing NRA v. Bondi, 61 F.4th 1317, 1321 (11th Cir. 2023), vacated for rehearing en banc, 72 F.4th 1346 (11th Cir. July 14, 2023)); because Bruen did not rely on the fact that the individuals were "law-abiding citizens," id. at 3-4; and because at least two courts have held that Bruen is not limited to law-abiding citizens, id. at 4 (citing Range v. Att'y Gen., 69 F.4th 96, 103 (3d Cir. 2023) (en banc); United States v. Bullock, No. 3:18-cr-165, ECF No. 79 at 40-42 (S.D. Miss. June 28,

5

2023)). He also contends that the prior-precedent rule does not apply because the issue being raised here—whether § 922(g)(1) violates the plain text of the Second Amendment or is part of the historical tradition of firearms regulation—was not directly presented to the panel in Rozier, id. at 4.

As the Magistrate Judge correctly pointed out, the Court thoroughly considered Rozier's continued viability following Bruen and found that Rozier remains good law. See Williams, 2022 WL 17852517 at *2. Childs's arguments do not convince the Court otherwise.

To Mr. Childs's point, Bruen has had an enormous impact on Second Amendment analysis. It has not, however, wiped out all precedent.

As the Court has previously explained, in Rozier, a panel of the Eleventh Circuit Court of Appeals rejected a constitutional challenge to § 922(g)(1), concluding that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." Rozier, 598 F.3d at 771 (holding that a felon's "Second Amendment right to bear arms is not weighed in the same manner as that of a law-abiding citizen" and that "[w]hile felons do not forfeit their constitutional rights upon being convicted, their status as felons substantially affects the level of protection those rights are accorded"); see also Flick v. Att'y Gen., Dep't of Justice, 812 F. App'x 974, 975 (11th Cir. July 20, 2020) (rejecting, as foreclosed by Rozier, as-applied Second Amendment challenge to § 922(g)(1)); United States v. Dowis, 644 F. App'x 882, 883 (11th Cir.

Feb. 18, 2016) (rejecting, as precluded by Rozier, Second Amendment challenge to § 922(g)(1) based on the statute's failure to distinguish between violent and non-violent predicate felonies); United States v. Reverio, 551 F. App'x 552, 553 (11th Cir. Jan. 9, 2014) (finding a Second Amendment challenge to § 922(g)(1) foreclosed by Rozier). Under the prior-precedent rule, the Court must follow a binding Eleventh Circuit decision "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting *en banc*." United States v. Jackson, 55 F.4th 846, 853 (11th Cir. 2022) (internal quotation marks omitted). Even then, the intervening decision must be "clearly on point" and "*clearly contrary*" to the prior precedent. Garrett v. Univ. of Ala. at Birmingham Bd. of Trs., 344 F.3d 1288, 1292 (11th Cir. 2003) (internal quotation marks omitted).

    Bruen is not "clearly on point" with and "clearly contrary" to Rozier. At issue in Bruen were the Second Amendment rights of "law-abiding citizens." Bruen, 142 S. Ct. at 2125, 2134, 2156. It is axiomatic that a felon is not a law-abiding citizen. This point was underscored by the concurring opinion of Justice Kavanaugh, joined by Chief Justice Roberts, in which they noted that "the Second Amendment is not a "regulatory blank check" and that "[p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations," among them, "longstanding prohibitions on the possession of firearms by felons." Id. at 2162

(Kavanaugh, J., concurring, joined by Roberts, C.J.).[3] Because the votes of Chief Justice Roberts and Justice Kavanaugh were necessary to form the Bruen majority, their concurring opinion narrows the holding. See United States v. Robison, 505 F.3d 1208, 1221 (11th Cir. 2007) (holding that where a fragmented Supreme Court decides a case "and no single rationale explaining the result enjoys the assent of five Justices," the position based on the "narrowest grounds" or " 'less far-reaching' common ground" controls). Thus, the Bruen decision is not clearly on point or clearly contrary to Rozier. Accordingly, the Court concludes that Rozier remains controlling precedent in this circuit. As a district court bound to follow this circuit's controlling precedent, it is not for the Court to decide whether Bruen may ultimately be held to abrogate Rozier: "[t]hat question can only be answered by the Supreme Court or [the Eleventh Circuit] sitting en banc." Morrison v. Amway Corp., 323 F.3d 920, 929 (11th Cir. 2003).

Moreover, even if the Court were to apply the historical-tradition analysis from Bruen to this case, it still would not find grounds for dismissal of Count Six, as the right of the lawless to bear arms has historically been restricted to promote public safety. As the majority opinion in Bruen observed, while a "widely read 1716 treatise" by Serjeant William Hawkins confirmed that "Persons of Quality"

---

[3] Notably, in Rahimi, which was cited in Mr. Childs's brief, the court also observed that the defendant in that case was not, at the time the charged conduct occurred, a convicted felon or otherwise subject to another longstanding prohibition on the possession of firearms that would have excluded him from the Bruen analysis. See Rahimi, 61 F.4th at 452.

were exempt from the 1328 Statute of Northampton because "it would be clear that they had no 'Intention to commit any Act of Violence or Disturbance of the Peace,' " the statute, which purported to limit the carry of firearms in England, even for self-defense, persisted—presumably for those other than "Persons of Quality," such as felons—through the English Bill of Rights. Bruen, 142 S. Ct. at 2139-42. The Bruen opinion also recognized that various colonial-era and antebellum laws restricted the rights of "Affrayers, Rioters, Disturbers, or Breakers of the Peace" to bear arms. Id. at 2142-45, 2150, 2152; see also id. at 2152 (citing Reconstruction-era South Carolina code precluding "disorderly person[s]" and "disturber[s] of the peace" from bearing arms). Other well-reasoned case law also explores historical sources showing that restrictions on the possession of firearms by felons is consistent with this nation's historical tradition of firearm regulation. See, e.g., United States v. Carpio-Leon, 701 F.3d 974, 980 (4th Cir. 2012); United States v. Skoien, 614 F.3d 638, 640 (7th Cir. 2010); Medina v. Whitaker, 913 F.3d 152, 157-60 (D.C. Cir. 2019).

For these reasons, the Court is not persuaded that Bruen has undermined Rozier to the point of abrogation and that the prior-precedent rule should not apply. And even if it has, the Court finds Bruen does not compel the Court to find that this statute is now unconstitutional. The Court therefore **OVERRULES** Mr. Childs's objections to the Report and Recommendation as to Count Six.

**B.     Counts One through Five**

Section 922(a)(6) makes it unlawful "for any person in connection with the acquisition or attempted acquisition of any firearm" from a licensed dealer to knowingly "make any false or fictitious oral or written statement . . . with respect to any fact material to the lawfulness of the sale." 18 U.S.C. § 922(a)(6). Regulations set out in 27 C.F.R. § 478.124 provide that a licensed firearm dealer can only transfer a firearm to an unlicensed person if the dealer records the transaction on Form 4473, which requires that the transferee disclose his or her name, sex, residential address, place and date of birth, height, weight, race, country of citizenship, alien number or admission number, and state of residence; certify that the transferee is not prohibited from receiving or possessing a firearm; and certify that the firearm is being acquired for the use of and will be the property of the transferee. 27 C.F.R. § 478.124(a), (c)(1), (g).

Mr. Childs argued before the Magistrate Judge that Counts One through Five should be dismissed on Second Amendment grounds for two reasons: first, because § 922(a)(6) and its implementation through ATF Form 4473 directly infringes on Mr. Jones' Second Amendment right to possess firearms, while failing the test of permissible regulation outlined in Bruen, and second, because prosecution under § 922(a)(6) relies on an underlying unconstitutional restriction of Mr. Jones's alleged conduct, namely his right to transfer firearms. Dkt. No. [44] at 9-16.

10

The Magistrate Judge explained that she did not find the challenges persuasive because Bruen held that for conduct to be presumptively protected, it must fall within the Second Amendment's plain text, and the Second Amendment says nothing about protecting an individual's "right" to make false statements when purchasing firearms. Dkt. No. [64] at 3. She therefore concluded that the conduct was not presumptively protected and that because the conduct was not presumptively protected, there was no need for the Government to demonstrate that § 922(a)(6) is consistent with the nation's historical tradition of firearm regulation. Id. at 3-4. Additionally, the Magistrate Judge noted that the district court case upon which Mr. Childs primarily relied was reversed on appeal and that in reversing that case, the Seventh Circuit Court of Appeals explained that "[t]he power to collect accurate information is of a different character—and stands on a firmer footing—than the power to prohibit particular people from owning guns." Id. at 4 (quoting United States v. Holden, 70 F.4th 1015, 1017 (7th Cir. 2023) (illustrating its point with an example: "We may assume that the Second Amendment would prevent enforcement of a statute saying, for example, that 'anyone whose surname starts with the letter H is forbidden to possess a firearm.' But that would not prevent Congress from demanding purchasers' real names.")). The Magistrate Judge also found Mr. Childs's argument that the § 922(a)(6) counts fail because they rely on an underlying unconstitutional restriction was a non-starter because § 922(g)(1) is not unconstitutional. Id.

11

In his objections, Mr. Childs argues that "this misunderstands the inquiry": that "it is not just § 922(a)(6) that is at issue, but the underlying regulation[, 27 C.F.R. § 478.124,] that (a) requires purchasers to identify if they intend [sic] the 'actual buyer,' and (b) prevents the sale of firearms to people who are not the 'actual buyers,' "—in essence, that the regulation's requirement that the individual provide information burdens the individual's right to purchase and transfer firearms and therefore implicates the Second Amendment, triggering the Bruen analysis. Dkt. No. [66] at 5-6. The Court is not persuaded.

Mr. Childs proffered only a single case where a court found that the mere requirement to fill out Form 4473 burdens an individual's Second Amendment rights such that the Bruen analysis is triggered, see Dkt. No. [44] at 14 (citing United States v. Holden, 638 F. Supp. 3d 931 (N.D. Ind. 2022)), and that case is not persuasive.

As the Magistrate Judge pointed out, the case is not good law: the Seventh Circuit reversed the district court on appeal. Holden, 70 F.4th at 1018. In doing so, it found no constitutional problem with § 922(a)(6) or the underlying Form 4473 reporting requirements. Id. at 1017 (finding that "Congress is entitled to require would-be purchasers to provide information—their names, addresses, Social Security numbers, criminal histories, and so on" and noting that "[m]any decisions of the Supreme Court hold that false statements may be punished even when the government is not entitled to demand answers"). Justice Kavanaugh's

concurrence in Bruen likewise emphasizes that states can constitutionally require license applicants to "undergo fingerprinting, a background check, a mental health records check, and training in firearms handling and in laws regarding the use of force, among other possible requirements." Bruen, 142 S. Ct. at 2162. If such administrative burdens on the carrying of firearms are permissible, it follows that administrative steps required to purchase firearms are also permissible.

For these reasons, the Court **OVERRULES** Mr. Childs's objections to the Report and Recommendation as to Counts One through Five.

### IV.   CONCLUSION

The Court has reviewed the remainder of the Report and Recommendation for clear error and finds none. In accordance with the foregoing, the Court **OVERRULES** Mr. Childs's objections, Dkt. No. [66]; **ADOPTS** the Magistrate Judge's Report and Recommendation as the Order of the Court, Dkt. No. [64]; and **DENIES** Mr. Childs's motions to dismiss the indictment, Dkt. No. [31, 40, 44].

The Court hereby sets the trial for Defendants Tyson Curry Childs and Marcus Deshawn Jones[4] to begin on **Tuesday, January 16, 2024, at 9:30 AM** in Courtroom 2107, United States Courthouse, 75 Ted Turner Drive, S.W.,

---

[4] Although the record indicates that Mr. Jones intends to enter a guilty plea in this case, Dkt. No. [52], he has not yet done so.

Atlanta, Georgia. The time from October 16, 2023, to January 16, 2024, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The pretrial conference is set for **Tuesday, January 9, 2024, at 10:00 AM** in Courtroom 2107. By noon on Tuesday, December 26, 2023, the parties are to file their respective motions in limine and voir dire questions. By noon on Tuesday, December 26, 2023, the Government is to file a brief statement of facts the parties can rely on for voir dire. By noon on Tuesday, January 2, 2024, the parties are to file any objections to those items listed above. Requests to charge and verdict forms should be filed on CM/ECF and e-mailed to the Courtroom Deputy Clerk in Word format by noon on Friday, January 12, 2024.

The Court requires the parties to e-mail an exhibit and witness list to the Courtroom Deputy Clerk by Friday, January 12, 2024. The list shall contain an identifying description of each exhibit to the right of the exhibit numbers. The list shall be double spaced with approximately 1.5 inches of space to the left of the number for court use. Additionally, the parties are required to deliver to chambers the morning of trial a tabbed exhibit notebook for the Court's use. Counsel shall comply with the Local Rules of this Court regarding exhibits. Any exhibit larger than 8 ½" x 11" will be returned to counsel pursuant to Rule 79.1(B)(5) of the Local Rules of this Court. Within 10 days following the conclusion of a trial or hearing, all parties must file photographs or other

appropriate reproductions of oversized and non-documentary exhibits admitted as evidence at the trial or hearing. The parties must provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

Courtroom 2107 is technology equipped. Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk. The Court will not allow time for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed prior to the pretrial conference, to allow time for proper notification to the U.S. Marshals Service.

It is the responsibility of counsel to immediately notify the Courtroom Deputy if the defendant requires interpretive services for any court proceeding so that services can be arranged. It is the responsibility of counsel to arrange interpretive services for any witnesses needing assistance of an interpreter for any court proceeding.

**IT IS SO ORDERED** this 16th day of October, 2023.

_____
**Leigh Martin May**
**United States District Judge**